UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

SHEET METAL WORKERS LOCAL 98
PENSION FUND, et al.,

           Plaintiffs,           Case No. 2:08-cv-635
                                            JUDGE GREGORY L. FROST
   v.                                     MAGISTRATE JUDGE KING

TRUELINE METAL FABRICATION
INC., et al.,

           Defendants.

**OPINION AND ORDER**

This matter is before the Court for consideration of Plaintiffs' motion for summary judgment (Doc. # 13), Plaintiffs' memorandum in support (Doc. # 14), Defendant's memorandum in opposition to Plaintiffs' motion (Doc. # 15), and Plaintiffs' reply memorandum in support of their motion for summary judgment (Doc. # 16). For the reasons that follow, the Court **GRANTS** in part and **HOLDS IN ABEYANCE** in part Plaintiffs' motion.

**I. Background**

On June 27, 2008, Sheet Metal Workers Local 98 Pension Fund and its trustees, Sheet Metal Workers Local 98 Welfare Fund and its trustees, and Sheet Metal Workers Local 24 Retirement Savings Plan and its trustees ("Plaintiffs" or "Plaintiff Funds") filed this action (Doc. # 2). On September 1, 2008, Plaintiffs filed their amended complaint (Doc. # 3). Plaintiff Funds are employee benefit plans as defined in the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1002(3). (Pls. Ex. 1, Keller Aff. ¶ 2.) Plaintiffs Ronald Belford, James Finley, C.W. Park, C. Barry Pickett, Jeff Rowe, Greg Yoak, John J. Gibbons, III, Scott M.

1

Hammond, Neal Hartfield, Paul Patterson, Dennis L. Shuman, and Jay Sharp are the trustees of Plaintiff Funds.

Defendant Trueline Metal Fabrication, Inc. ("Trueline") is an Ohio corporation. The parties agree that Trueline is an employer as defined in both Section 3(5) of ERISA, 29 U.S.C. § 1002(5), and Section 2(2) of the Labor Management Relations Act, 1947, 29 U.S.C. § 152(2), and is an industry affecting commerce within the meaning of Section 301(a) of the Labor Relations Act, 1947, 29 U.S.C. § 185(a).

On October 2, 2007, Trueline signed a Letter of Assent to the collective bargaining agreement. (Doc. # 15-2, Kristy Albrecht Aff. ¶ 2.) The contract ran from June 1, 2006, through May 31, 2009. *Id.* Neither party contests the existence of a valid agreement between the parties. *Id.* Trueline's actions also support this proposition, as it continued to pay amounts owed to the employee benefit plans operated by Plaintiffs after this lawsuit was filed. (Df. Exs. 6, 7, 9, 10.) These payments were made pursuant to the collective bargaining agreement, which set contribution rates for the employee benefit plans based on the number of hours that members of Sheet Metal Workers Local 24 and Sheet Metal Workers Local 98 worked for Trueline. Thus, Plaintiffs allege that they are entitled to receive payments and that Trueline is obligated to issue contribution reports so that Plaintiffs can determine the adequate amounts of the payments.

In Plaintiffs' amended complaint, they allege a claim for relief for delinquent contributions against Trueline. On April 3, 2009, Plaintiffs filed their motion for summary judgment (Doc. # 13) and memorandum in support. (Doc. # 14.) On April 27, 2009, Trueline filed its memorandum in opposition. (Doc. # 15.) On May 7, 2009, Plaintiffs filed their reply in support of their motion for summary judgment. (Doc. # 16.) Plaintiffs request that this Court find in favor of Plaintiffs on the issue of liability, order Trueline to file contribution reports for

the months of January, February, March, April, and May 2009, and to either hold the damages issue for trial or have the parties file a supplemental motion for summary judgment after Trueline submits the reports.

In its memorandum in opposition, Trueline disputes the damages calculation that Plaintiffs attached to their memorandum in support. (Pls. Ex. 10.) Trueline argues that it paid contributions for the months of September and October and therefore does not owe what Plaintiffs indicated in their calculations. Further, Trueline opposes the injunctive relief and the claim for relief against Kristy and Jason Albrecht set forth in Plaintiffs' amended complaint; however, neither issue was raised in Plaintiffs' motion for summary judgment and therefore is not currently before this Court.

## II. Standard of Review

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56. The Court may therefore grant a motion for summary judgment if the nonmoving party who has the burden of proof at trial fails to make a showing sufficient to establish the existence of an element that is essential to that party's case. *See Muncie Power Products, Inc. v. United Tech. Auto., Inc.*, 328 F.3d 870, 873 (6th Cir. 2003) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)).

In viewing the evidence, the Court must draw all reasonable inferences in favor of the nonmoving party, who must set forth specific facts showing that there is a genuine issue of material fact for trial. *See id.* (citing *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)). A genuine issue of material fact exists "if the evidence is such that a

reasonable jury could return a verdict for the nonmoving party." *Muncie*, 328 F.3d at 873 (quoting *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248 (1986)). Consequently, the central issue is " 'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.' " *Hamad v. Woodcrest Condo. Ass'n*, 328 F.3d 224, 234-35 (6th Cir. 2003) (citation omitted).

### III. Analysis

Plaintiffs have invoked Section 502 of ERISA, which provides for a civil action for failure to make ERISA contributions. Plaintiffs allege that they are owed contributions by Trueline for the months of September, October, November, and December of 2008, and January of 2009. Plaintiffs base their January calculation of damages on an estimate and therefore request the Court to order Trueline to issue a report for that month as well as for February, March, April, and May of 2009, the months remaining under the collective bargaining agreement. These reports will determine the exact amount, if any, that is owed to Plaintiffs.

Trueline does not dispute that the contract was valid and that it owes Plaintiffs for the delinquent contributions. Thus, the Court **GRANTS** Plaintiffs' motion for summary judgment on the issue of liability. Trueline, however, disputes the amount of contributions owed and the manner in which Plaintiffs credited several payments. Because the Court does not have sufficient evidence to determine the exact amount of damages, it **HOLDS IN ABEYANCE** Plaintiffs' motion for summary judgment on the issue of damages. However, the Court **GRANTS** Plaintiffs' request that Trueline produce contribution reports for January 2009 through May 2009 and hereby **ORDERS** Trueline to produce those reports within 14 days of the date of this Opinion and Order.

## IV. Conclusion

Based on the foregoing, the Court **GRANTS in part and DENIES in part** Plaintiffs' motion for summary judgment. (Doc. # 13.)

The Court **GRANTS** Plaintiffs' motion for summary judgment on the issue of the liability of Trueline.

The Court **HOLDS** its decision **IN ABEYANCE** on Plaintiffs' motion for summary judgment with respect to the issue of the amount of damages owed to Plaintiffs.

Trueline is **ORDERED** to file signed, accurate reports of all hours worked by members of Sheet Metal Workers Local 24 and Sheet Metal Workers Local 98 during the months of January 2009 through May 2009 within 14 days of the date of this Opinion and Order.

The parties are **DIRECTED** to submit an agreed-upon order containing calculations as to the amount of the judgment to be entered in favor of Plaintiffs within 30 days of the date of this Opinion and Order or notify the Court that the parties cannot agree at which time the Court will schedule further briefing or a hearing on damages.

**IT IS SO ORDERED.**

    /s/ Gregory L. Frost
GREGORY L. FROST
UNITED STATES DISTRICT JUDGE